251 N.J. Super. 577 (1991)
598 A.2d 1237
COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, NJSFT, AFT/AFL-CIO, PETITIONER-APPELLANT,
v.
STATE OF NEW JERSEY (OFFICE OF EMPLOYEE RELATIONS), RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1991.
Decided November 19, 1991.
*579 Before Judges COLEMAN, BILDER and STERN.
Dwyer & Canellis, attorneys for appellant (Paul J. Burns on the brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent (Michael Clancy, Assistant Attorney General, of counsel; Melvin E. Mounts, Deputy Attorney General, on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
*580 This is an appeal by the Council of New Jersey State College Locals, NJSFT, AFT/AFL-CIO, (Council)[1] from a final decision of the Public Employment Relations Commission (PERC) which refused to modify or rescind certain regulations promulgated by the New Jersey State Board of Higher Education (Board). The challenged regulations were promulgated to implement the Autonomy College Law, N.J.S.A. 18A:3-14 et seq. and N.J.S.A. 18A:64-1 et seq., designed to grant to "the State colleges a greater degree of autonomy and [to] provide[] for a new governance structure for the colleges." Statement of the Senate Education Committee to Assembly Bill No. 1173 (July 9, 1986). PERC found that the contested regulations preempt negotiations.

I
At or about the time the Autonomy Law became effective on July 9, 1986, the Council finalized negotiations for a Collective Agreement that was effective for the period of July 1, 1986 to June 30, 1989. Pertinent to this appeal is Article XXXV of the Collective Agreement which provides:
The parties to this agreement for the period July 1, 1986 to June 30, 1989 for the State Colleges Unit agree that the provisions of the State Compensation Plan and Civil Service Rules and Regulations, and the procedures provided therein, which establish terms and conditions of employment and which were applicable to the employees in the State College Unit on June 30, 1986, and which may have been or which may be affected by the enactment and application of A-1173 (S-1469) and A-1777 (S-1470) [the Autonomy Law] shall be continued unless changed by negotiation or regulation.
While the above Collective Agreement was operative, the Board promulgated certain regulations dealing with the classification of titles and reclassification appeal procedures, N.J.A.C. *581 9:6A-3.1 to 3.6, necessitated by the Autonomy Law as replacement of certain Civil Service regulations. Although Council was afforded an opportunity to discuss the proposed regulations, the Board refused to engage in any negotiations respecting the classification and reclassification appeals procedure regulations despite Council's demands for negotiations. These new regulations became effective January 4, 1988, see 20 N.J.R. 89(c).
The pivotal issue in this appeal is whether mandatory negotiations were required before promulgating the regulations. Council took the position below and on this appeal that Article XXXV of the Collective Agreement, the prevailing statutory and decisional law, require each aspect of the replacement regulations to be negotiated.
Hearings were conducted during 1989 to determine whether the Board had violated provisions of the New Jersey Employer-Employee Relations Act (Act), N.J.S.A. 34:13A-5.4a(1) and (5), by not negotiating with the Council respecting the contested regulations prior to adoption. The hearing examiner concluded that despite Council's demands for negotiations and the Board's position that certain matters related to terms and conditions of employment were negotiable, the Board refused to negotiate on matters such as the classification and reclassification appeal procedures. The Hearing Examiner found that such a refusal to negotiate constituted a violation of the Act, N.J.S.A. 34:13A-5.4a(5). The Hearing Examiner concluded, however, that the regulations should not be rescinded because the Council failed to establish that they actually changed any terms and conditions of employment.
The Council filed exceptions to the Hearing Examiner's final conclusion contending that the adopted regulations changed the appeal procedures for classification and reclassification determinations which affected the terms and conditions of employment thereby requiring negotiations. It is undisputed that under N.J.A.C. 9:6A-3.3, 3.5 and 3.6, the Chancellor and the Department *582 of Higher Education have been substituted for the (Civil Service) Department of Personnel as the persons to decide the classification and reclassification determination appeal.
PERC rendered its final decision on May 14, 1990. It framed its decision in light of the factors articulated in Council of N.J. State College Locals v. State Bd. of Higher Educ., 91 N.J. 18, 28-29, 449 A.2d 1244 (1982). Those factors are:
(1) the extent to which the regulation was consistent with or necessary to effectuate the agency's statutory authority; (2) the relationship between the regulation and the exercise of the agency's regulatory jurisdiction; (3) the scope of the agency's employer role; (4) the agency's rationale for adopting the regulation; (5) the circumstances under which the regulation was adopted; (6) the scope and composition of the class of employees affected by the regulation; (7) the basic fairness of the regulation to the employees affected; and (8) the extent to which the employees or their representatives had the opportunity to express their views on the regulation during its formative stages.
Ibid. PERC then stated:
Applying the Council factors to all the circumstances of this case, we are not convinced that the adoption of these procedures constituted an abuse of the Board's regulatory power. With respect to factors one and two, N.J.S.A. 18A:64-6(h) provides that the Board shall prescribe qualifications for various classifications. The contested provisions provide for appeals of classification determinations. As a whole, the regulations directly effectuate the Board's statutory mandate. With respect to factor three, the Board's employer role was secondary in light of its regulatory obligation to adopt a comprehensive classification plan. With respect to factor four, the Board had sound reasons to adopt these appeal procedures. An appeal procedure had been an integral part of the civil service classification system and the Board sought to carry that principle over into its substitute regulations. With respect to factor five, the regulations were adopted after parties agreed that civil service rules and regulations should be continued unless changed by negotiation or regulation. There is no indication that hostility to negotiations motivated their adoption. With respect to factors six and seven, the contested regulations establish an appeal procedure available to all unit members on an equal basis. They appear reasonable and fair. With respect to factor eight, the Council expressed its views during the adoption process. The Board responded that the majority of the proposed new rules maintained the status quo and represented legitimate issues for the board to determine through rules. The Board modified many sections of the proposed rules to affect only non-unit employees and stated that it anticipated negotiating with the Council over a wide range of other issues. 20 N.J.R. 90. Consequently, we hold that the Council has not rebutted the presumptive validity of the regulations establishing appeal procedures or proved that proposing the regulations, in light of the Board's attempts to avoid *583 any impact on unit employees, was an unlawful evasion of negotiations. [footnotes omitted.]
Council has appealed from that portion of PERC's determination which refused to rescind N.J.A.C. 9:6A-3.3, 3.5 and 3.6 because those regulations were found to have preempted negotiations with Council.

II
On this appeal, Council contends "the Commission [PERC] acted arbitrarily and capriciously in failing to void regulations adopted by the Board of Higher Education concerning appeal procedures." Intimately intertwined with this issue is the further contention by Council that the appeal procedures regulations in the classification and reclassification plan relate to terms and conditions of employment thereby requiring negotiations before being adopted.
Agency regulations are presumptively valid and the burden rests with an appellant to establish their invalidity. Medical Soc'y of New Jersey v. New Jersey Dept. of Law & Public Safety, 120 N.J. 18, 25, 575 A.2d 1348 (1990); Bergen Pines County Hosp. v. New Jersey Dept. of Human Servs., 96 N.J. 456, 477, 476 A.2d 784 (1984); State v. Professional Ass'n of N.J. Dept. of Educ., 64 N.J. 231, 258, 315 A.2d 1 (1974); In re N.J. Medical Malpractice Reinsurance Recovery Fund Surcharge Adopted New Rules, N.J.A.C. 11:18, 246 N.J. Super. 109, 122, 586 A.2d 1317 (App.Div. 1991), certif. denied 126 N.J. 328, 598 A.2d 886 (1991). Ordinarily, the presumption of validity attaches only if the regulations are within the authority delegated to the promulgating agency and are not, on their face, beyond the agency's power. Ibid. Where the presumption of validity has not been overcome, the regulations are given the preemptive effect of precluding negotiations. This is so because the "adoption of any specific statute or regulation setting or controlling a particular term or condition of employment will preempt" negotiation on that subject. State v. State *584 Supervisory Employee Ass'n, 78 N.J. 54, 81, 393 A.2d 233 (1978) (emphasis in original).
The Board functions as an agency within the State Department of Higher Education and the Board has broad regulatory authority over the State college system. Council, supra, 91 N.J. at 24, 449 A.2d 1244; N.J.S.A. 18A:3-13 to 3-16; N.J.S.A. 18A:64-6. Although the Board performs only regulatory functions, the State Department of Higher Education "is responsible for assuming certain employer-type duties, such as participation in collective negotiations as part of the management team (N.J.A.C. 9:2-55) and an arbitrator's role in resolving employee grievance disputes." Council, supra, 91 N.J. at 26, 449 A.2d 1244 (footnote omitted). But the State Department of Higher Education is not the primary employer of State college workers; the "individual administrations at each college are primarily responsible for their own employees." Id. at 27, 449 A.2d 1244. Viewed in that context, "the same agency is performing both regulatory and, to a lesser extent, employer functions over" the working units represented by the Council. Ibid. PERC recognized as much when it concluded that only qualified preemption applied to the disputed regulations. PERC found that the presumption of preemption was not rebutted.
The appeal regulations establish a mechanism whereby the Board can review the classification determinations made at the college level which affected employees find objectionable. Where the Board finds that certain determinations made at the college level were abusive, the Board has the opportunity to effectuate a change of policy and guidelines to remedy the abuse.
The appeal regulations at issue are similar to the classification appeal procedures found in the former Civil Service Regulations. See N.J.A.C. 4A:3-3.9. Under the former Civil Service Regulations, an appellant filed an appeal with the appointing authority, then appealed to a hearing officer, then appealed to *585 the Civil Service Commissioner. N.J.A.C. 4A:3-3.9(e). Similarly, under the Board's appeal procedures the appellant receives a hearing before a hearing officer appointed by the college and then the appellant may appeal the college's determination directly to the Chancellor's office. N.J.A.C. 9:6A-3.5(f). The appeal regulations affect both union and non-union members alike.
PERC was also justified in finding the appeal regulations fair. The regulations require that the appellant be given notice of a hearing date and an opportunity to be heard as to the impropriety of the determination and is allowed the benefit of representation of choice during the hearing. N.J.A.C. 9:6A-3.5(c); N.J.A.C. 9:6A-3.6(d). Moreover, at the initial level of review, the appellant is afforded a written report containing the hearing officer's findings of fact and conclusions of law. N.J.A.C. 9:6A-3.5(d)-(f); N.J.A.C. 9:6A-3.6(d)2. The regulations more than meet the procedural requirements afforded in administrative determinations. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-545, 105 S.Ct. 1487, 1493-95, 84 L.Ed.2d 494, 503-506 (1985)
Even though the disputed regulations were not negotiated, Council had an input that had an effect on the final regulations. The record clearly reflects that Council was given an opportunity to express its views on the regulations before they were submitted to the Board for final adoption. Council was also given a copy of the proposed regulations in June 1987 and the Board specifically solicited Council's input. The regulations were adopted in November 1987. 20 N.J.R. 89(c). Therefore, Council's contention that it had only two weeks or sixteen days to provide input on the proposed regulations is erroneous. To the contrary, the record reflects that Council had nearly six months to review and comment on the proposed regulations. Indeed, Council offered suggestions which prompted the Board to reexamine to what extent, if at all, negotiations were required. Consequently, we find there is sufficient credible evidence *586 to support PERC's conclusion that Council failed to rebut the presumption of preemption.

III
The analysis cannot end with the conclusion that preemption applies to the regulations because negotiations may still be required. Where a regulation does not expressly, specifically, and comprehensively fix a term and condition of employment, there may be the need for negotiations over additional or complementary provisions. Council, supra, 91 N.J. at 30, 449 A.2d 1244. It must be determined, first, whether the subject matter of the regulation  absent the application of the preemption doctrine  is an issue that "addresses a term or condition of employment that would ordinarily require negotiation." Ibid. Second, it must be determined whether "the regulation addresses the particular term or condition `in the imperative and leave[s] nothing to the discretion of the public employer.'" Id. at 33, 449 A.2d 1244 (quoting State Supervisory Employee Ass'n, supra, 78 N.J. at 80, 393 A.2d 233). PERC assumed that the appeal regulations were mandatorily negotiable.
The determination of whether a subject matter is mandatorily negotiable depends on whether the issue concerns the public employer's substantive decision, constituting an inherent managerial prerogative of interpreting and implementing public or legislative policy, verses the procedural process used by the public employer to either come to the substantive decision or carry it out. Council, supra, 91 N.J. at 32-33, 449 A.2d 1244; In re IFPTE Local 195 v. State, 88 N.J. 393, 417, 443 A.2d 187 (1982). Because negotiations over the procedural process poses "no significant threat of interference with the public employer's ability to make substantive policy determinations", negotiations are mandatory. Council, supra, 91 N.J. at *587 33, 449 A.2d 1244. Here, the disputed regulations deal with the procedural mechanism for an employee to challenge an objectionable classification determination. Ibid.; State Supervisory Employee Ass'n, 78 N.J. at 90-91, 393 A.2d 233; Bd. of Educ. North Bergen Tp. v. North Bergen Fed'n of Teachers, 141 N.J. Super. 97, 103-104, 357 A.2d 302 (App.Div. 1976). The inquiry now turns on whether there is any room left for discretion by the Board under the disputed regulations.
Negotiation may still be required notwithstanding the applicability of preemption where the regulation vests some discretion in the public employer "as where [the regulation] sets only a minimum or maximum term or condition." Council 91 N.J. at 33, 449 A.2d 1244. For example, in Council the regulation allowed the Board a minimum two week period before it was required to give Council notice of proposed layoffs during a fiscal emergency. Id. at 34, 449 A.2d 1244. Because the Board had discretion to fix a period greater than two weeks, mandatory negotiations were required. Id. at 34-35, 449 A.2d 1244.
Application of the foregoing legal principles to the present case leads us to conclude that notwithstanding the application of preemption, there is a level of discretion vested in the Chancellor on procedural matters under two sections of the regulations. Under N.J.A.C. 9:6A-3.3, a State college can request a change in the classification plan by having the college's president make a written request to the Chancellor. The Chancellor then submits the request and supporting data to a State College Classification Advisory Board which makes a written recommendation to the Chancellor. However, before the Chancellor makes a recommendation to the Board, the Chancellor has the discretion to hire an outside consultant to assist him. N.J.A.C. 9:6A-3.3(f) provides that "[n]othing in this section shall preclude the Chancellor from utilizing the services *588 of an outside consultant(s) to assist in evaluating such [reclassification] requests."
Similarly, when a State college, the Council or an employee covered by the Collective Agreement makes a request for a title reevaluation to the Chancellor, the matter is also referred to the State College Classification Advisory Board for a recommendation. N.J.A.C. 9:6A-3.6(c). N.J.A.C. 9:6A-3.6(d) provides that "the Chancellor may render a decision based on the written record or appoint an independent compensation consultant...."
In both instances, discretion is vested in the Chancellor in procedural matters under N.J.A.C. 9:6A-3.3(f) and N.J.A.C. 9:6A-3.6(d). Because of that discretion on procedural matters, the regulations do not prohibit negotiations on additional procedural protections for the Council which have not been addressed respecting N.J.A.C. 9:6A-3.3(f) and N.J.A.C. 9:6A-3.6(d). In view of our holding, the "parties may agree to any procedures which do not contravene the regulations or impede the operation of the regulatory scheme." Council, supra, 91 N.J. at 35, 449 A.2d 1244.
The decision of PERC is modified and affirmed. The regulations are valid, but any requests to negotiate additional procedural protection consistent with this decision with respect to N.J.A.C. 9:6A-3.3(f) and N.J.A.C. 9:6A-3.6(d) must be honored.
NOTES
[1] The Council is the majority representative for all full-time faculty, nonmanagerial and professional employees in the State college system. Council of N.J. State College Locals v. State Bd. of Higher Educ., 91 N.J. 18, 23, 449 A.2d 1244 (1982).